UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

BRADLEY WAYNE WEEKS

Defendant.

Case No. 21-cr-247 (JDB)

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RESENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum for resentencing in the case of Defendant Bradley Wayne Weeks. For the reasons discussed below, the government requests that this Court impose the same sentence that it imposed previously—that is, 10 months' incarceration, 24 months' supervised release to include 12 months of home detention, $2,000 in restitution, a $500 fine, and mandatory special assessments as to each count totaling $70. Weeks has already completed his ten-month term of incarceration and is currently on supervised release.

I.    **RELEVANT BACKGROUND**

This case is before the Court on resentencing following the U.S. Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024). As a result of *Fischer*, Weeks's conviction under 18 U.S.C. § 1512(c)(2) has been vacated, *see* ECF No. 112, and Weeks now stands before this Court convicted of Counts Two through Five of the Indictment, *see* ECF No. 17 (Indictment) and Court's Dec. 9, 2022, minute order reflecting guilty verdicts.

The Court is familiar with Weeks and his conduct on January 6, 2021, so the government will not restate the facts at length here. Instead, the government refers the Court to its factual

1

recitation in its first sentencing memorandum. *See* ECF No. 96 at 3-15. For the purposes of resentencing, however, the government will briefly review the relevant procedural history.

    A.    *Conviction and Original Sentencing*

On December 9, 2022, the Honorable Thomas F. Hogan found Weeks guilty on all five counts charged in the Indictment (offenses under 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1752(a)(1) and (2), and 40 U.S.C. § 5104(e)(2)(D) and (G)).

On August 16, 2023, this Court sentenced Weeks to ten months' imprisonment on each of Counts One, Two, and Three, and six months' imprisonment on each of Counts Four and Five, all to run concurrently. The Court also sentenced Weeks to 24 months' supervised release to include 12 months of home detention,[1] $2,000 in restitution, a $500 fine and mandatory special assessments associated with each charge of conviction. The Court agreed with the government's and the PSR's calculation of the Sentencing Guidelines range, which was 24-30 months. The range was driven by Count 1, Weeks's conviction under 18 U.S.C. § 1512(c)(2). However, the Court imposed a below-Guidelines sentence based on the Section 3553(a) factors. The Court believed that Weeks's conduct on January 6 was "serious" and that a carceral sentence was warranted, but that there was limited need for specific deterrence in Weeks's case and that a lesser sentence was warranted due to Weeks's history and characteristics. *See United States v. Weeks*, 21-cr-00247-JDB (Transcript of Aug. 16, 2023, Sentencing Hearing) at 51-52 (Oct. 20, 2023).

Weeks began serving his 10-month term of imprisonment on October 4, 2023, and was released on May 6, 2024. Weeks is currently under supervised release and home detention.

---

[1] The Court sentenced Weeks to 24 months' supervised release as to Count One and 12 months' supervised release as to each Counts Two and Three, to run concurrently. As discussed below, the government asks this Court to maintain the length of Weeks's term of supervision despite the vacatur of his conviction under Section 1512.

B.     *Impact of Fischer v. United States*

On June 28, 2024, the United States Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024). *Fischer* held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Id.* at 2185. The Court explained that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding—such as witness testimony or intangible information—or attempted to do so. *Id*. at 2186.

Weeks had previously filed a Notice of Appeal on August 31, 2023. ECF No. 105. Following that filing, Weeks subsequently filed a motion requesting release pending the outcome of his appeal. ECF No. 107. The government opposed and this Court denied the motion. ECF Nos. 108, 109. As relevant here, this Court noted that "Weeks has made no showing of whether he would be likely to receive a reduced sentence or, if so, what that sentence would be if his conviction under 18 U.S.C. § 1512(c) is reversed" given that "his ten-month sentence on the § 1512 conviction is the same length as that of two of his misdemeanor convictions." ECF No. 109 at 8 (internal quotation marks omitted).

As a result of *Fischer*, the D.C. Circuit Court of Appeals issued a Mandate vacating Weeks's conviction under Section 1512(c)(2) and remanding the case to this Court for further proceedings. ECF No. 112. On September 30, 2024, Weeks filed an Unopposed Motion to Schedule Resentencing Hearing. ECF No. 114.

This Court scheduled resentencing for October 29, 2024. No new presentence report has been prepared and this Court did not order supplemental briefing. The government respectfully offers this memorandum for the purpose of providing the Court with an updated Guidelines

3

calculation and supporting the government's request that the Court re-impose the same sentence that it imposed pre-*Fischer*.

**II.     THE SENTENCING GUIDELINES ANALYSIS**

*A. Pre-*Fischer *Sentencing Guidelines Calculation*

The Guidelines analysis for Counts 1-3[2] was as follows:

Count One: 18 U.S.C. § 1512(c)(2)

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 2J1.2(b)(2) | Resulted in Substantial Interference | +3 |
| | **Total** | **17** |

Count Two: 18 U.S.C. § 1752(a)(1)

| | | |
|---|---|---|
| U.S.S.G. §2B2.3(a) | Base Offense Level | 14 |
| U.S.S.G. §2B2.3(b)(1)(A)(vii) | Restricted Building/Grounds | +2 |
| U.S.S.G. §2B2.3(c)(1) | Cross Reference | |
| U.S.S.G. §2X1.1(a) | Adjusted Base Offense Level | 17 |
| | **Total** | **17** |

Count Three: 18 U.S.C. § 1752(a)(2)

| | | |
|---|---|---|
| U.S.S.G. §2A2.4(a) | Base Offense Level | 10 |
| | **Total** | **10** |

Grouping:

Under U.S.S.G. §3D1.2(a) and (c), "closely related counts" grouped. Counts One, Two, and Three comprised a single group under U.S.S.G. §3D1.2(a) and (b) because the victim of each count is Congress. Under U.S.S.G. §3D1.3(a), the offense level for a group of closely related counts is based on the highest offense level of the counts in the group.

The highest offense level was 17 (for Count One); therefore, the combined offense level

---

[2]     Counts 4 and 5 are Class B misdemeanors to which the Sentencing Guidelines do not apply.

for the group of Counts One, Two, and Three was 17.

**Total Offense Level:**                                                                17

The U.S. Probation Office calculated the defendant's criminal history as category I, which was and is not disputed. PSR ¶ 53. Accordingly, based on the government's calculation of the defendant's total offense level, Weeks's pre-*Fischer* Guidelines imprisonment range was 24 to 30 months' imprisonment.

B.   Post-*Fischer* *Guidelines Calculation*

The Guidelines analysis for Weeks's remaining counts of conviction following the vacatur of his conviction under Section 1512(c)(2) is as follows.

Count Two: 18 U.S.C. § 1752(a)(1)

| U.S.S.G. §2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. §2B2.3(b)(1)(A)(vii) | Restricted Building/Grounds | +2 |
| | Adjusted Base Offense Level | 6 |
| | Total | 6 |

Count Three: 18 U.S.C. § 1752(a)(2)

| U.S.S.G. §2A2.4(a) | Base Offense Level | 10 |
| | Total | 10 |

Counts 2 and 3 group due to the same victim. The highest offense level is 10. Weeks's criminal history category remains category I. Accordingly, Weeks's updated post-*Fischer* Guidelines imprisonment range is 6-12 months' imprisonment.

III.   **GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully requests that the Court impose the same sentence that it imposed before *Fischer* was decided. Weeks has already served the carceral portion of his sentence. Weeks's convictions on Counts Two and Three still stand. This Court imposed ten months' of incarceration on both Counts and suggested in its Order denying Weeks's Motion for

5

Bail Pending Appeal that that aspect of Weeks's sentence would stand even if his Section 1512 conviction were vacated. ECF No. 109. Further, given that Weeks's ten-month sentence of incarceration is within the new Guidelines range, the Court should not now impose a different sentence.[3] Based on Weeks's Motion for Resentencing, the government understands that Weeks does not anticipate challenging the length of the term of incarceration which he has already served. *See* ECF No. 114 (noting that Weeks "has already served the incarcerative portion of his sentence and the sole issue for resentencing is the need for any period of supervised release and/or the conditions thereof").

The government anticipates that Weeks will request that the Court curtail his term of supervised release or request a change in the conditions of his supervised release. *See* ECF No. 114 at 2. The government would oppose any such request. Though his Section 1512(c)(2) conviction has been vacated, Weeks's conduct on January 6, 2021, remains what it was. Weeks's rhetoric and specific intent to enter the Capitol on January 6 for the purpose of disrupting Congress sets him apart from other rioters who were only charged with and convicted of misdemeanors pre-*Fischer*. The Section 3553(a) factors do not weigh in favor of a different sentence. The seriousness of Weeks's conduct, his history and characteristics, the need for general and specific deterrence, and the need to avoid unwarranted sentencing disparities are unaffected by *Fischer*. Accordingly, the government respectfully requests that the Court impose a term of supervised

---

[3] However, even if Weeks's new Guidelines range did not capture the sentence previously imposed—*i.e.*, if Weeks had previously received a Guidelines sentence of 24-30 months' incarceration—the government has argued in other January 6 cases that a lower Guidelines range should not necessarily dictate a lower sentence following vacatur of a Section 1512(c)(2) conviction. *See, e.g.*, *United States v. Middleton et al.*, 21-cr-367 (RDM), ECF No. 176 (Supplemental Sentencing Memo) at 30-39.

release of one year as to both Counts Two and Three, to run *consecutively*, in effect imposing the same sentence that the Court imposed previously.[4]

IV.  **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of 10 months' incarceration, 24 months' supervised release to include 12 months of home detention, $2,000 in restitution, a $500 fine and mandatory special assessments associated with each charge of conviction.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:      /s/
Jamie Carter
D.C. Bar 1027970
Assistant United States Attorney
Office of the United States Attorney
for the District of Columbia
601 D Street, N.W., Room 4.210
Washington, D.C. 20530
Jamie.Carter@usdoj.gov
202-252-6741

     /s/
Kathryn E. Fifield
Wis. Bar No. 1097640
Trial Attorney
U.S. Department of Justice, Criminal Division
1301 New York Avenue NW, Suite 1000
Washington, DC 20530
(202) 320-0048
Kathryn.fifield@usdoj.gov

---

[4] The statutory maximum term of supervision for Counts Two and Three is one year. 18 USC § 3583(b)(3).